Lu, John T., J.
The plaintiffs, the City of Beverly (Beverly) and the Beverly Police Department, bring this action for judicial review under G.L.c. 30A, §14, of a decision by the defendant, Massachusetts Civil Service Commission (Commission), overturning the Chief of Police of Beverly’s (Appointing Authority) decision to bypass intervener Sean Bell (Bell) for the position of permanent reserve officer in the Beverly Police Department. Where the City of Beverly had reasonable justification to bypass Mr. Bell, an incident of alleged misconduct, the Commission’s order to place him at the top of the next certification list for appointment must be vacated.
BACKGROUND
In May of 2005, Sean Bell passed an examination that qualified him for appointment as a permanent reserve officer in Beverly under G.L.c. 31, §25. In 2006, the Appointing Authority sought to hire such officers, and appointed Captain John DiVincenzo (Captain DiVincenzo) to conduct background investigations of eligible candidates. In late August of 2006, Captain DiVincenzo visited Beverly Hospital (Hospital) to investigate an unrelated larceny. The Hospital had employed Bell as a night security officer from 2002 through June of 2006. A hospital administrator told Captain DiVincenzo that Bell was terminated for illegally accessing fellow employees’ voicemails. Captain DiVincenzo requested “substantial proof’ of the activity from the Hospital, and met with Bell to discuss the allegation. Bell denied any involvement and suggested that the hospital was retaliating against him for his pro-union activity.
On October 10,2006, Captain DiVincenzo met with hospital administrators and Russell Fisk (Fisk), an information technology employee for the City. The Hospital provided Fisk with surveillance photographs (photos) and a call search report (the log). After reviewing these materials, Fisk concluded that the person who accessed the voicemail boxes called from one extension, which the Hospital established was connected to the phone in the photos. The call times from the extension closely matched the time stamps on the photos.
On October 11, 2006, Captain DiVincenzo showed Bell the photos and log. Bell acknowledged that he was pictured in the photos, but again denied illegally accessing voicemails. He accused the Hospital of forensically altering the photos. As a result of this meeting, Captain DiVincenzo recommended to the Appointing Authority that Bell be bypassed. By a letter dated October 18, 2006, the Appointing Authority informed Bell that he had been bypassed for the position of permanent reserve officer pursuant to G.L.c. 31, §27, because he had been terminated from his security guard position at the Hospital for illegally accessing voicemails.
Bell appealed the Appointing Authority’s decision to the Commission pursuant to G.L.c. 31, §43. At the February 7, 2008 hearing, Captain DiVincenzo testified that he relied on the photos and log provided by the Hospital, as well as Fisk’s report, in making his recommendation to bypass Bell. Bell testified that he did not have any Hospital employee’s voicemail password and did not know two of the six persons whose voicemails were allegedly accessed. On August 7, 2008, the Commission determined that the Appointing Authority “failed to prove [Bell] illegally accessed voicemails of employees while employed at the Hospital.” The Commission found that Bell was a credible witness, and emphasized that the Hospital did not bring criminal charges against him. The Commission overturned the Appointing Authority’s decision, and ordered the Appointing Authority to place Bell at the top of the next certification list for permanent reserve police officers. The City now seeks judicial review of the Commission’s final decision.
DISCUSSION
General Laws c. 31, §2 (b) requires the Commission to determine whether “on the basis of the evidence before it, the appointing authority has sustained its burden of proving that there was reasonable justifica *600 tion for the action taken by the appointing authority.” A party aggrieved by a final decision of the Commission may seek judicial review under G.L.c. 31, §44. Pursuant to G.L.c. 31, §44, this court reviews “the commission’s decision to determine if it violates any of the standards set forth in G.L.c. 30A, §14(7), and cases construing those standards.” Brackett v. Civ. Serv. Comm’n, 447 Mass. 233, 242 (2006). This court is “required to overturn commission decisions that are inconsistent with governing law.” Id. Pursuant to G.L.c. 30A, §14(7)(c), the court may overturn a Commission’s decision if it is “based upon an error of law.”
For the Appointing Authority’s action to be reasonably justified, it must “be based on adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense, and correct rules of law.” Comm’r of Civ. Serv. v. Mun. Court of the City of Boston, 359 Mass. 211, 214 (1997). When political considerations or objectives unrelated to merit govern the Appointing Authority’s personnel decision, the Commission may intervene. City of Cambridge v. Civ. Serv. Comm’n, 43 Mass.App.Ct. 300, 304 (1997). However, the Commission does not have the authority to “substitute its judgment about a valid exercise of discretion based on merit or policy considerations by an appointing authority.” Id. It is for the Appointing Authority, not the Commission, to decide whether to take the “risk inherent in hiring someone who has, so the appointing authority may reasonably think, shown poor impulse control.” Id. at 305. “Prior misconduct has frequently been a ground for not hiring or retaining a police officer.” Id. The Commission may not intervene when the Appointing Authority made a “valid exercise of decision based on merit.” Id. at 304.
In this case, the Commission erred as a matter of law in applying the reasonable justification standard. The Appointing Authority’s bypass of Bell was reasonably justified. Captain DiVincenzo testified that he enlisted Fisk to independently review the photos and log, and allowed Bell two opportunities to explain his termination, indicating that the bypass was not motivated by political or personal bias. The Commission also based its decision on the fact that the Appointing Authority did not “prove Bell illegally accessed voicemails.” The Appointing Authority, however, was only required to prove it had a reasonable justification to bypass Bell. City of Cambridge, 43 Mass.App.Ct. at 303. The Commission impermissibly substituted its judgment for that of the Appointing Authority when it determined Bell’s uncorroborated testimony outweighed the evidence provided by the Hospital and independently confirmed by the Appointing Authority. Viewing the evidence before the Commission as a whole, this court concludes that the Commission erroneously substituted its judgment for that of the Appointing Authority in determining the Appointing Authority’s decision had no reasonable justification to bypass Bell.
ORDER
The plaintiffs City of Beverly and the Beverly Police Department’s Motion for Judgment on the Pleadings is ALLOWED, and the intervener Sean Bell’s cross motion for Judgment on the Pleadings is DENIED. The Civil Service Commission’s order to place Bell at the top of the next certification list for permanent reserve police officers is VACATED.